**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| LOVEYMAE GALARIO, individually and as Next Friend of J.K.G., a minor born October 9, 1998; JALYN LIKE; J.K.G., a minor child, born October 9, 1998,<br><br>    Plaintiffs - Appellees,<br><br>  v.<br><br>AYOTUNDE ADEWUNDMI; PEGGY HILTON; LILLIAN KOLLER, in their individual and official capacities; STATE OF HAWAII DEPARTMENT OF HUMAN SERVICES, CHILD PROTECTIVE SERVICES,<br><br>    Defendants - Appellants. | No. 09-16199<br><br>D.C. No. 1:07-cv-00159-DAE-KSC<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted June 11, 2013**
Honolulu, Hawaii

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: FARRIS, D.W. NELSON, and NGUYEN, Circuit Judges.

Hawaii Child Protective Services ("CPS") social worker Ayotunde Adewundmi appeals from the district court's order denying him summary judgment on the ground of qualified immunity. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

1.     Plaintiffs advanced two theories in support of their equal protection claim. First, they asserted that Adewundmi harbored discriminatory animus towards them on the basis of their perceived sexual orientation and that this animus was at least in part the reason for his recommendation that CPS remove Loveymae Galario's child from their home. It was clearly established as of November 23, 2004—the date of J.K.G.'s removal—that this type of discrimination violates equal protection. *See Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1134–35 (9th Cir. 2003). However, Plaintiffs' only evidence that Adewundmi's actions were based on animus towards their perceived homosexual relationship is that Adewundmi once filed a report in the family court on behalf of CPS in which he identified Jalyn Like as Galario's "cousin and intimate partner." This is insufficient to raise a triable issue of fact as to Adewundmi's alleged animus.

2.     Plaintiffs also invoked a "class of one" theory, which requires proof that Adewundmi "intentionally, and without rational basis, treated [them] differently

2

from others similarly situated." *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)). But "[t]he class-of-one doctrine does not apply to forms of state action that 'by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments.'" *Towery v. Brewer*, 672 F.3d 650, 660 (9th Cir. 2012) (quoting *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 603 (2008)).

Adewundmi's actions on behalf of CPS fall squarely within the category of subjective, individualized assessments that are not susceptible to a "class of one" challenge. A CPS employee "must take into account the individual personalities and interpersonal relationships of [parents and children] in the [home]. The close relationship between the [parent] and [child], and the varied needs and interests involved in the [child welfare] context, mean that considerations . . . that would be unreasonable as grounds for 'arm's-length' government decisions (*e.g.*, zoning, licensing) may well justify different treatment of a [parent]." *Engquist*, 553 U.S. at 604. Therefore, Plaintiffs cannot establish an equal protection violation based on a "class of one" theory.

**3.** Plaintiffs waived any due process claim by failing to adequately raise it before the district court in their opposition to Adewundmi's motion for summary

3

judgment. *See United States v. Shaltry (In re Home America T.V.-Appliance Audio, Inc.)*, 232 F.3d 1046, 1052 (9th Cir. 2000). Even if we were to overlook this waiver, there is no evidence in the record to support a due process claim.

J.K.G. stated that Like struck her and that she was afraid of returning home. Both examining physicians' reports supported the conclusion that J.K.G. had been beaten, although they differed as to the extent of J.K.G.'s injuries. School officials also reported that J.K.G. had bruising across the bridge of her nose and open wounds consistent with fingernails. Under these circumstances, any jury would have found it reasonable for Adewundmi to direct the police to take J.K.G. into temporary protective custody and keep her there until the next day when Galario signed the voluntary foster custody agreement. *See White ex rel White v. Pierce Cnty.*, 797 F.2d 812, 815–16 (9th Cir. 1986) (finding neighbor's report that child had severe welts on his back combined with parent's denial of abuse and attempt to conceal evidence established reasonable cause). Because Plaintiffs failed to provide evidence of a constitutional violation, Adewundmi is entitled to qualified immunity.

**REVERSED AND REMANDED.**

4